UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NICHOLAS R. MAULE,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:25-CV-417-TAV-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the parties' cross-motions for summary judgment [Doc. 8 (plaintiff's motion); Doc. 1 (defendant's response and cross-motion)]. This matter has been fully briefed [Docs. 12, 14] and the motions are ripe for resolution. *See* E.D. Tenn. L.R. 7.1(a). Also before the Court are plaintiff's motion for leave to file a supplemental affidavit in support of his motion for summary judgment [Doc. 15], which defendant opposes [Doc. 16], as well as defendant's motion to stay [Doc. 20].

For the reasons that follow, plaintiff's motion for leave to file a supplemental affidavit [Doc. 15] is **DENIED**. Plaintiff's motion for summary judgment [Doc. 8] is **DENIED** and defendant's motion for summary judgment [Doc. 12] is **GRANTED**. Defendant's motion to stay [Doc. 20] is therefore **DENIED as moot**.

## I. Background

Plaintiff, proceeding pro se, filed this action in the Roane County Chancery Court [Doc. 1-1]. Defendant subsequently removed the action to this Court [Doc. 1].

In the amended complaint, plaintiff alleges that, on November 12, 2018, he entered into a consumer credit transaction with defendant Capital One Bank ("Capital One") by submitting a credit application [Doc. 1-1, p. 25]. Plaintiff alleges that this credit application "constituted collateral security, which in turn generated a security interest" and he now asserts claim "to that security interest" [*Id.*]. Plaintiff claims that he "tender[ed] lawful collateral or credit as payment" and defendants'[1] refusal to accept "such tender" constitutes breach of trust, breach of fiduciary duties, conversion, and unjust enrichment [*Id.*].

Plaintiff alleges that the submission of a credit application "initiated not only a contractual relationship, but also the formation of a constructive trust relationship" [*Id.* at 25–26]. Plaintiff claims that he was in the position of "trustee" in this relationship [*Id.* at 26]. Thereafter, however, Capital One "reconstructed the arrangement without full disclosure, monetizing and securitizing the Plaintiff's credit application as a negotiable instrument also known as promissory note and placing it into circulation for their own financial gain" [*Id.*]. Plaintiff alleges that such unauthorized restructuring violated the Uniform Trust Code and constituted securities fraud under federal law [*Id.*]. Plaintiff asserts that "[b]y unlawfully assuming the role of beneficiary while imposing liability onto the plaintiff, the defendant created a presumption of debt and fiduciary obligation

[1] Plaintiff named both Capital One and Cavalry SVP 1, LLC, a later assignee of his debt, as defendants [Doc. 1-1, p. 24]. However, plaintiff and Cavalry SVP 1, LLC subsequently entered into a joint stipulation of dismissal of this action as to Cavalry SVP 1, LLC only [Doc. 10]. Accordingly, at this juncture, plaintiff's complaint proceeds as to defendant Capital One only.

where none lawfully existed, thereby collapsing the trust relationship and converting the Plaintiff's equitable interest for unjust gain" [*Id.* at 27].

Plaintiff states that, at the time of entering into the contract, he did not fully comprehend "the trust structure of the consequences of assigning rights, titles, and interests" [*Id.*]. As a result, he "continued making monthly payments under the mistaken belief that he was the debtor" [*Id.*]. However, plaintiff contends: "The Federal Reserve Act Section 16, Part 2 explicitly states that in no event shall such collateral security be less than the equal amount of federal reserve notes applied for. This confirms that Capital One Bank received full and sufficient value and that the obligation was, in substance, prepaid making further demands against Plaintiff both unlawful and unjust" [*Id.* at 28].

Plaintiff states that the Capital One account eventually went into debt collection, and Cavalry SPV 1, LLC ("Cavalry") acquired the account from Capital One and assumed the rule of assignee [*Id.*]. Cavalry's law firm began attempting to collect the alleged debt [*Id.* at 29]. Plaintiff contends that he is making payments "in Federal Reserve notes . . . under protest" and he "now understands that Federal Reserve notes are not lawful money, and do not constitute true payment, but only discharge of obligation" [*Id.*]. He contends that the "demand for debt satisfaction in a limited form of currency constitutes involuntary servitude" [*Id.*].

Plaintiff further alleges that he made multiple attempts to obtain a copy of his original credit application, but Capital One failed to provide this documentation, instead,

repeatedly sending a standard copy of the cardholder agreement, which is not the copy of the original credit application and cannot "serve as evidence of contract formation" [*Id.* at 30].

Plaintiff alleges that, beginning in April 2025, he "commenced a private administrative process in an effort to resolve the matter" [*Id.*]. Through this, plaintiff sent three packages to Capital One which included sworn affidavits and "a Bill of Exchange," which plaintiff asserts have not been rebutted by Capital One, which, in his opinion "constitutes tacit agreement," citing "UCC § 3-505" [*Id.* at 32]. Plaintiff contends that "the Bill of Exchange stands as lawful tender made in good faith and honor, fulfilling the obligation without need for additional consideration" [*Id.*].

## II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the initial burden of informing the court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party can satisfy this burden by presenting affirmative evidence that

negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

To successfully oppose a motion for summary judgment, "[t]he non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986)). A party opposing a Rule 56 motion has the duty to affirmatively present and point out *specific evidence in the record* sufficient to justify a jury decision in her favor. *See* Fed. R. Civ. P. 56(c)(1); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *Anderson*, 477 U.S. at 256. The nonmoving party cannot simply rely on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. And merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248; *accord McLemore v. Gumucio*, 619 F. Supp. 3d 816, 823 (M.D. Tenn. 2021).

## III. Analysis

### A. Motion to File Supplemental Affidavit

As an initial matter, the Court notes that plaintiff has moved to file a supplemental affidavit in support of his motion for summary judgment [Doc. 15]. Plaintiff alleges that he obtained "newly discovered evidence and clarification directly related to the

Truth-in-Lending Act, E-SIGN Act compliance, and the disclosures required at account formation" [*Id.* at 2]. Plaintiff claims that this "supplemental affidavit does not alter the issues before the Court, but simply provides additional factual clarity and supporting exhibits directly relevant to Plaintiff's existing arguments" [*Id.*].

In the proposed supplemental affidavit, plaintiff alleges that "new evidence demonstrates conclusively that Capital One failed to obtain lawful E-SIGN Act consent, failed to make required material disclosures under Regulation Z, and concealed material facts relating to security interests and terms of credit violations which invalidate any alleged obligation and bar the Defendants from demanding or collecting any payment" [Doc. 16, p. 4]. Plaintiff states that he submitted the credit application for a Capital One credit card at a kiosk at a Bass Pro Shops location [*Id.* at 4–5]. He contends that, at no point was he provided with E-SIGN Act disclosures, any explanation that electronic signatures or records would be used, any notice of his rights under the E-SIGN Act, any method to give or refuse affirmative consent, or any check box, signature, or affirmative action to indicate informed consent was provided [*Id.* at 5]. Plaintiff further contends that "[b]ecause Capital One did not lawfully obtain [his] consent, any disclosures they claim to have provided cannot satisfy" the Truth-in-Lending Act [*Id.* at 6].

Defendant opposes the filing of this supplemental affidavit [Doc. 17]. Defendant argues that the supplemental affidavit addresses purported violations of the "Truth-in-Lending Act, Regulation Z, and E-SIGN ACT" that were never raised in plaintiff's amended complaint or motion for summary judgment [*Id.* at 2].

Plaintiff replies that amendment of the complaint is unnecessary, as the supplemental affidavit is "offered solely to support the existing claim for breach of fiduciary duty" [Doc. 18, pp. 2–3].

While plaintiff's amended complaint does reference a "breach of fiduciary duty," the amended complaint makes no reference to failure to provide disclosures or obtain consent, not does it contain any mention of "Regulation Z" or the "E-SIGN ACT" [*See* Doc. 1-1, pp. 22–38]. Nor does plaintiff mention any of these issues in his motion for summary judgment [*See* Doc. 8]. Moreover, plaintiff has not moved to amend his complaint to add these issues. As a result, these matters are not properly before the Court as they are not pled in the operative complaint. *See Tucker v. Brooks*, No. 19-12514, 2022 WL 2813037, at *2 (E.D. Mich. July 18, 2022) ("The Court cannot consider claims not asserted in the operative complaint."). Accordingly, the Court finds that plaintiff's proposed supplemental affidavit, which solely addresses these issues not before the Court, is not properly filed. Plaintiff's motion for leave to file such supplemental affidavit [Doc. 15] is therefore **DENIED**.

Turning to the issues presented here, based on the amended complaint and plaintiff's motion for summary judgment, it appears that two issues exist: (1) plaintiff's claim that Capital One failed to accept his "Bill of Exchange" as "legal tender"; and (2) plaintiff's claim that Capital One failed to provide him with a copy of the original signed credit application [*See* Doc. 8, p. 2]. The Court will address each of these issues in turn.

### B. Bill of Exchange

Plaintiff alleges that he "tendered a Bill of Exchange in the amount of $11,450.65" to counsel for Cavalry [Doc. 8, pp. 3, 6]. However, an unspecified defendant, presumptively Cavalry, "failed and refused to honor the lawful tender" [*Id.* at 6]. Plaintiff complains that an unspecified defendant "continues to assert liability for the account balance of $11,450.65 . . . while simultaneously refusing Plaintiff's lawful tender" [*Id.* at 8].

Capital One responds that plaintiff' assertion of any claim against it, an entity that never received his alleged "Bill of Exchange" is nonsensical [Doc. 12, p. 7]. Capital One argues that, even if plaintiff had submitted a "Bill of Exchange" to it, such claims are unfounded and courts routinely reject these type of debt avoidance arguments based on homemade "negotiable instruments" [*Id.* at 7–8].

"Courts have repeatedly rejected, as frivolous, sovereign-citizen arguments such as this one." *Wilson v. Abound Credit Union*, No. 3:24-cv-446, 2024 WL 5089568, at *3 (W.D. Ky. Dec. 12, 2024) (collecting cases); *see also Campbell v. Foursight Capital, LLC*, No. 3:25-cv-22, 2025 WL 2172546, at *1 (S.D. Ohio July 31, 2025) (noting that plaintiff "[i]n a complaint that bears the hallmarks of the 'sovereign citizen' movement" claimed to have paid defendants a debt "by using what he refers to as a 'Bill of Exchange'"). Plaintiff's "belief that []he can erase debt with [a] Bill of Exchange—a 'worthless piece of paper'—is total nonsense." *Kennebrew v. PNC Bank*, No. 1:25-cv-13, 2025 WL 801169, at *2 (E.D. Tenn. Mar. 13, 2025). "Courts routinely reject as

frivolous the Bill of Exchange theory Plaintiff advances." *Id.* (citing *Showers v. Spectrum Charter Commc'ns*, No. 1:24-cv-242, 2024 WL 5108157, at *1 (S.D. Ind. Dec. 12, 2024)); *see also Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. 2007) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail.").

Notably, plaintiff does not even allege, much less produce evidence suggesting, that he submitted his "Bill of Exchange" to Capital One. In fact, in his amended complaint, plaintiff seems to indicate that the "Bill of Exchange" was sent to counsel for Cavalry [Doc. 1-1, pp. 31–32]. And in his motion for summary judgment, plaintiff explicitly states that he sent the "Bill of Exchange" to Cavalry's counsel [Doc. 8, p. 6]. Accordingly, it is unclear how Capital One was involved in any alleged failure to properly accept such "Bill of Exchange." Regardless, plaintiff's contention that a self-made document labeled "Bill of Exchange" is sufficient to discharge his debt is patently frivolous. *See Kennebrew*, 2025 WL 801169, at *2. Thus, plaintiff has not established a genuine of material fact exists with regard to this claim. Accordingly, to the extent that plaintiff seeks summary judgment on this claim, his motion [Doc. 8] is **DENIED** and defendant's motion [Doc. 12] is **GRANTED**.

### C. Production of Credit Application

Plaintiff also contends that he lawfully requested a copy of the original signed credit application associated with his account, but "[d]efendants" failed to produce it [Doc. 8, p. 3]. Plaintiff asserts that "[d]efendants' repeated failure to produce the

application . . . precludes their ability to prove contract formation," and therefore defendants "cannot establish standing to enforce the alleged debt [*Id.*].

Capital One responds that plaintiff has presented no evidence that he ever requested a copy of the credit application from Capital One, but rather, only from counsel for Cavalry [Doc. 12, pp. 9–10]. Moreover, Capital One notes that plaintiff has acknowledge that he opened the account, incurred charges, and did not pay them [*Id.* at 10]. Therefore, any claim the account debt is nonexistent is meritless [*Id.*]. Further, plaintiff has not identified any viable claim against Capital One which no longer owns the debt [*Id.*].

Again, plaintiff does not allege, much less produce evidence suggesting, that he ever requested a copy of his original credit application *from Capital One*. In the amended complaint, plaintiff states he "made multiple attempts to obtain a copy of the original credit application, including . . . numerous phone calls to the Defendant" [Doc. 1-1, p. 30]. Presumptively, plaintiff is referring to defendant Cavalry, as he states he "spoke directly to Mr. Daughtery" of the law firm representing Cavalry [*Id.* at 30–31]. Additionally, in his motion for summary judgment, plaintiff again asserts that he requested the credit application "from Defendant's counsel" [Doc. 8, p. 7]. Moreover, all of plaintiff's exhibits regarding communication about the credit application are communications between himself and Cavalry's counsel [*See* Docs. 8-7, 8-8, 8-9, 8-10, 8-11, 8-12]. Accordingly, to the extent that plaintiff could maintain a legal claim for failure to provide a copy of his signed credit application, plaintiff has not established that



Case 3:25-cv-00417-TAV-DCP Document 21 Filed 07/23/26 Page 10 of 11
PageID #: 688

a genuine issue of material fact exists as to whether defendant Capital One failed to provide a copy of such upon request. Plaintiff's motion for summary judgment [Doc. 8] will therefore be **DENIED**, and defendant's motion for summary judgment [Doc. 12] will therefore be **GRANTED**.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for leave to file a supplemental affidavit [Doc. 15] is **DENIED**. Plaintiff's motion for summary judgment [Doc. 8] is **DENIED** and defendant's motion for summary judgment [Doc. 12] is **GRANTED**. This case will be **DISMISSED**. Defendant's motion to stay [Doc. 20] is therefore **DENIED as moot**. An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE